UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 13-30482 |
| | ) | |
| Thomas Gangl, | ) | |
| Mary Gangl, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| Kip M. Kaler as Bankruptcy | ) | |
| Trustee for Thomas J. and Mary E. | ) | **COMPLAINT** |
| Gangl | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Swift Rock Financial, Inc. d/b/a | ) | |
| World Law Debt and World Law | ) | |
| Group; Orion Processing LLC, | ) | |
| d/b/a World Law Processing; and | ) | |
| Global Client Solutions, LLC | ) | |
| | ) | |
| Defendant. | ) | Adversary No. |
| | ) | |

Kip M. Kaler, as bankruptcy trustee, by and through his attorney, for his cause of action against Defendants, Swift Rock Financial, Inc. d/b/a World Law Debt and World Law Group; Orion Processing LLC d/b/a World Law Processing; and Global Client Solutions, LLC alleges as follows:

1. The Debtors filed a Chapter 7 Bankruptcy Petition in the District of North Dakota on January 28, 2013.

2. Kip M. Kaler is the duly appointed and present bankruptcy trustee of this bankruptcy case.

3. The Defendant Swift Rock Financial, Inc. is a corporation organized under the laws of Texas doing business under the names World Law Debt and World Law Group, with an address at 8127 Mesa Drive Suite B206-PMB #206, Austin, Texas 78759. Defendant Orion Processing, LLC is a corporation organized under the laws of Texas doing business under the name World Law Processing, with an address at 8127 Mesa Drive Suite B206-PMB #206, Austin, Texas 78759. Defendant Global Client Solutions, LLC's place of business is located at 4500 S. 129th E. Ave. Suite 177, Tulsa, Oklahoma 74134. The Defendants solicit business in the state of North Dakota, and do business with debtors such as the Debtors in this case, in this state.

4. Pursuant to 11 U.S.C. §§ 544 and 548, and N.D.C.C. §§ 13-11-21, 13-11-29, 13-02.1-07, and 51-15-09 Plaintiff seeks to recover payments made to Defendants.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. The venue of this case is proper pursuant to 28 U.S.C. §1408. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157.

6. On or about October 11, 2012, the Debtors entered into one or more agreements with the Defendants. The purported purpose of the contract was the elimination of the Debtors' debt. The Debtors indicated to Defendants that they were enrolling a certain portion of their unsecured debt into the program.

8. The Debtors have made payments to the Defendants totaling not less than $3451.20. Upon cancellation of the contract, the Debtors received a refund of $839. The remaining $2618.20 was retained by Defendants as setup fees, account maintenance fees, initial fees, company fees, and administrative fees.

9. Defendants settled no debts on behalf of the debtor.

10. Defendants are not licensed as a debt settlement provider in the State of North Dakota.

11. The Plaintiff alleges that the transfer of funds to the Defendants was for no consideration; Debtors received nothing of value in exchange for the transfer of funds and therefore was a fraudulent transfer.

## COUNT ONE - VIOLATIONS OF THE UNIFORM DEBT MANAGEMENT SERVICES ACT

12. Plaintiff realleges paragraphs 1-11 of this Complaint as if fully enumerated within.

13. Defendants have violated various provisions of the Uniform Debt Management Services Act, which may be privately enforced through N.D.C.C. § 13-11-29.

14. Defendants are a "debt settlement provider" within the meaning of N.D.C.C. § 13-11-01(6).

14. Defendants have operated as a debt settlement provider without first obtaining a license in violation of N.D.C.C. § 13-11-02.

17. Defendants have charged excessive and illegal fees in violation of N.D.C.C.§ 13-11-21. Specifically, Defendants charged illegal fees denominated setup fees, account maintenance fees, initial fees, company fees, and administrative fees and other fees not authorized under N.D.C.C. §13-11-21.

18. That, pursuant to N.D.C.C. § 13-11-29, the Plaintiff is entitled to restitution in the entire amount of the fees paid to the Defendants, as well as attorney's fees, costs, and disbursements expended in pursuing this action.

3

## COUNT TWO – FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548

20. Defendants committed actual fraud upon the Debtors. The Defendants persuaded the Debtors to transfer the funds to them under the false representation that they were a legitimate debt settlement company and would help the Debtors eliminate all of their listed debts. The Defendants were aware or should have been aware that under the circumstances of these Debtors that representation was false and it would be unable to perform on its representations.

21. The Plaintiff alleges that the Defendants attempted to provide illegal services and charge illegal fees to the debtor barred by state law, as previously alleged in paragraphs 12-18 of this Complaint. The fees charged by the Defendants were per se not reasonably equivalent value because they are illegal.

22. The Trustee alleges that the Debtors made a fraudulent transfer to the Defendants by the transfer of funds described. The Debtors did not receive reasonably equivalent value for the transfer. The transfer from the Debtors to the Defendants was a fraudulent transfer within the meaning of 11 U.S.C. § 548(a)(1)(B).

23. The Defendants are not good faith transferees as contemplated by 11 U.S.C. § 550(e), and therefore, the Plaintiff should recover the entire sum transferred to the Defendants.

## COUNT THREE – STATE LAW FRAUDULENT TRANSFER

24. As previously alleged herein, the Trustee alleges that the Debtors made the described transfers to the Defendants while they were insolvent and for less than reasonably equivalent value.

25. These transfers are fraudulent within the meaning of N.D.C.C. §§ 13-02.1-04(1)(b) and 13-02.1-05(1). The Trustee may avoid this transfer under N.D.C.C. § 13-02.1-07.

26. The Trustee is authorized to pursue this claim pursuant to 11 U.S.C. § 544.

### COUNT FOUR- UNLAWFUL SALES PRACTICES

27. As previously alleged herein, the Defendants were not licensed debt settlement providers, and illegally contracted with the debtor to provide debt settlement services and collect illegal fees.

28. In attempting to illegally contract to provide debt settlement services, the Defendants have also violated N.D.C.C. § 51-15-02. Defendants misrepresented that they were providing a lawful service to the Debtors and that the fees charged to the Debtor were legal, fair, and reasonable.

29. Pursuant to Chapter 51-15, the Plaintiff in this action is entitled to recover not only the amount paid Defendants, but due to the fact the Defendants knowingly operated illegally as a debt settlement provider and knowingly charged illegal fees, this Court may award up to three times the actual amount of damages proven, and the Court must award recovery of costs, disbursements and actual reasonable attorney's fees incurred in this action. N.D.C.C. § 51-15-09.

THEREFORE, Plaintiff respectfully requests that the Court enter Judgment in favor of the Plaintiff against the Defendants in the amount of the transfer less the amount paid to creditors and refunded to the Debtors of not less than $2618.20, but also award treble damages, and the costs of this litigation including reasonable actual attorney's fees, and for such other and further relief as the court deems fair and just.

5

Dated this 13th day of February, 2013.

_____
Kip M. Kaler
KALER DOELING, PLLP
Attorney for Plaintiff
3429 Interstate Blvd
P.O. Box 9231
Fargo, ND 58106
(701) 232-8757
ND Attorney No. 03757